Joseph Markle, complainant-respondent,

*v.*

Local Union No. 641, of the International Brother-hood of Teamsters, Chauffeurs, Stablemen and Helpers of America, James J. Walsh, Cornelius Murphy, Walter J. Gibney, Charles Halpin, Max Budy, Joseph McGuirl, Henry Von Oesen and George McHorney, defendants-appellants.

[Argued October term, 1940.   Decided February 3d, 1941.]

*Messrs. Burke, Sheridan & Hourigan* (by *Mr. John H. Sheridan*), for the appellants.

*Mr. Isidore Hornstein,* for the respondent.

Per Curiam.

The complainant, alleging himself to be a member of the defendant union and in his own behalf and in behalf of all others similarly situate, filed a bill in the Court of Chancery alleging fraudulent mismanagement of the affairs of the defendant union by its officers and by those pretending that they were such.   He sought the appointment of a receiver.

An amended answer denied complainant's membership and joined issue on many of the allegations of the bill which are not necessary for our determination of the present case, which is an appeal from an order directing the proper officers of the union to present to a master in Chancery named in the order for inspection and custody the following books of the union:

"1. Ledgers for the period, September 1st, 1936, to date.

"2. Day books showing receipts of dues for the years September 1st, 1936, to date.

"3. Receipt and expense books for the period September 1st, 1936, to date.

"4. Minute books from September 1st, 1936, to date.

"5. Check books and canceled checks from September 1st, 1936, to date.

"6. Original initiation blanks showing the names of the various persons proposed for membership and initiated for the period September 1st, 1936, to date.

"7. Original vouchers signed by the president and recording secretary and against which checks were drawn for the period September 1st, 1936, to date."

The petition on which the order for inspection and custody was entered was duly verified. It shows a sufficient basis for the action taken. An order in Chancery for the inspection of books rests in the sound discretion of that court. *Lawless* v. *Fleming, 56 N. J. Eq. 815; Fuller* v. *Alexander Hollander & Co., 61 N. J. Eq. 648; Cocheu* v. *New Jersey General Security Co., 121 N. J. Eq. 457.*

To deny inspection in this case would result in the denial of a remedy for the alleged wrong.

The order appealed from is affirmed.

*For reversal*—None.